IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 07-148 |
| | ) | |
| JOSEPH M. STABILE | ) | |

## MEMORANDUM AND ORDER OF COURT

On April 23, 2007, Joseph M. Stabile ("defendant") waived prosecution by indictment and entered a guilty plea to charges of conspiracy, mail fraud, willful failure to pay taxes and making false statements on a tax return. The probation office published a presentence investigation report ("PIR") in this case which included a spreadsheet that identified hundreds of victims of defendant's unlawful conduct, along with the amount of loss each victim sustained. According to the PIR, defendant owed restitution in the total amount of $2,458,526. Although defendant filed a memorandum in aid of sentencing, he did not file any objections to the PIR.

On October 16, 2007, the court sentenced defendant to 77 months imprisonment to be followed by three years supervised release. At the sentencing hearing, defendant raised for the first time an issue with regard to the amount of restitution that he was required to pay. Defendant asserted that the total amount of restitution set forth in the PIR overstated the actual loss sustained by the individual victims. Accordingly, when this court entered its judgment, it deferred a determination on restitution

⊛AO 72
(Rev. 8/82)

pursuant to 18 U.S.C. §3664(d)(5) and scheduled a hearing on restitution for November 13, 2007. On motion of defendant's counsel, the restitution hearing was rescheduled for November 27, 2007.

However, on November 26, 2007, the government and defendant filed a Joint Notice of Reaching Stipulation Regarding Restitution (Document No. 38) (hereinafter, the "Stipulation"). The Stipulation was electronically signed by Assistant U.S. Attorney Stephen Stallings and by First Assistant Federal Public Defender Michael Novara as counsel for defendant. According to the Stipulation, the parties "agree[d] that the order of restitution in this case should order restitution payable to the victims identified on the spreadsheet attached as Exhibit "A" in the amounts reflected on the spreadsheet." According to the spreadsheet attached as Exhibit "A" to the Stipulation, the parties agreed that defendant owes restitution in the total amount of $1,396,409. The Stipulation further stated that a restitution hearing was no longer necessary.

After receiving the Stipulation, the court orally requested that defendant's counsel also have defendant sign the Stipulation. Instead of filing an amended stipulation with defendant's signature, defendant filed a "supplemental position with respect to sentencing factors" (Document No. 39), despite the fact that the time for filing such a paper had long since passed. In that filing, defendant asserts that the Stipulation and attached spreadsheet overstate the appropriate amount of restitution in

this case. Despite the Stipulation, defendant now contends that the amount of restitution is overstated because: (1) most of the individuals listed on the spreadsheet attached to the Stipulation have not yet died and, therefore, have not yet suffered any pecuniary loss; (2) under various state law requirements, defendant only was obligated to set aside in trust a portion of the pre-need monies he received, thus the government is unable to prove the amount of restitution because of complex choice of law issues; (3) the spreadsheet is unreliable; and (4) the Stipulation and spreadsheet do not recognize defendant's future ability to provide the individuals with the funeral merchandise they bargained for. These arguments are nothing more than a belated attempt by defendant to avoid paying the amount of restitution which he stipulated and agreed is due and owing to the elderly victims of his unlawful conduct who paid him on a pre-need basis for funeral merchandise they will never receive.

There is no merit to defendant's argument that most of the individuals listed on the spreadsheet have not yet died, thus they have not yet suffered any pecuniary loss. There is no question that defendant entered into contracts which obligated him to provide certain funeral merchandise to individuals who had paid him for those items on a pre-need basis. Both the spreadsheet included with the PIR and the spreadsheet attached to the Stipulation identify hundreds of individuals who contracted with defendant and paid him in advance for funeral merchandise that he promised to provide upon their death. However, there is no

evidence before the court to indicate that defendant will be able to provide the funeral merchandise to the individuals with whom he contracted when the obligation to do so matures. Therefore, the amounts listed on the spreadsheet to the PIR and on the spreadsheet attached to the Stipulation for each victim represent virtual losses that these individuals will suffer. The fact that all of the various contractual obligations have not yet matured is no basis for this court to find that defendant should not make restitution. Based on the information contained in the PIR, the court finds by a preponderance of the evidence that a restitution order in the amount of $2,458,526 is justified in this case. Nonetheless, in light of the parties' Stipulation agreeing to restitution in the amount of $1,396,409, the court will enter an amended Judgment Order which includes an order of restitution consistent with the parties' agreement.

The court further concludes that a restitution order in the stipulated amount of $1,396,409 is appropriate despite defendant's argument that he only was obligated under various state law requirements to set aside in trust a portion of the pre-need money he received. There is no evidence before the court to indicate that defendant segregated the money he was paid by the individual victims based on what the applicable state law required in a particular case. Irrespective of any alleged varying state law requirements as to how much money defendant was required to place in trust, again, there is no evidence before the court that defendant is capable of fulfilling his contractual obligations

when they mature. Other than defendant's bald assertion that, at some point in the future, he will be able to provide the individuals with the funeral merchandise they contracted for, there is no basis for this court to conclude that he will ever perform on the contracts he entered into. Thus, defendant's claim that the Stipulation and spreadsheet do not recognize his future ability to provide individuals with the funeral merchandise they bargained for also is wholly meritless.

Finally, there is no evidence before the court to indicate that the spreadsheet attached to the Stipulation is unreliable as defendant now claims. When defendant's counsel moved this court to continue the restitution hearing in this case, he indicated that "[s]uch a continuance also will give the parties additional time to come to an agreement over the restitution amount in this case." See Defendant's Motion to Continue Restitution Hearing (Document No. 35), ¶4. It is logical to conclude that the government and defense counsel arrived at the negotiated restitution amount of $1,396,409 after meeting, discussing their respective positions and agreeing to the significantly lower restitution figure as compared to the figure originally set forth in the PIR. The filing of the joint Stipulation signifies that the parties did, in fact, negotiate and subsequently agree on the amount of restitution. It is disingenuous for defendant to now question the reliability of the spreadsheet attached to the Stipulation to which the parties agreed after negotiating with one another.

For all of the reasons set forth herein, the court will enter an amended Judgment Order in this case ordering that defendant pay restitution in the total amount of $1,396,409 payable in the amounts and to the victims identified on the spreadsheet attached to the Stipulation.

An appropriate order will follow.

O R D E R

AND NOW, this 28th day of December, 2007, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's objections as set forth in his Supplemental Position With Respect to Sentencing Factors (Document No. 39) to the amount of restitution which he stipulated and agreed to pay in the Joint Notice of Reaching Stipulation Regarding Restitution (Document No. 38) be, and the same hereby, are overruled. The court will enter an amended Judgment Order requiring defendant to pay restitution in the total amount of $1,396,409 payable in the amounts and to the victims identified on the spreadsheet attached to the Joint Notice of Reaching Stipulation Regarding Restitution.

Gustave Diamond
United States District Judge

cc: Stephen S. Stallings
Assistant U.S. Attorney

Michael J. Novara
Assistant Federal Public Defender